# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID CREW,** | **1:16-CV-590-LJO-BAM** |
| **Plaintiff,** | **SCREENING ORDER** |
| **v.** | |
| **COMMISSIONER OF DEPARTMENT OF CORRECTIONS AND REHABILITATION,** | |
| **Defendant.** | |

## PRELIMINARY STATEMENT

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to

reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## I.   Screening requirement and standard.

Plaintiff David Crew is a state prisoner proceeding pro se and in forma pauperis in this civil

rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 26, 2016, is currently before

the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous,

malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-

(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g).

An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for

failure to state a claim upon which relief may be granted, and has not alleged imminent danger of

serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey

v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

A complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

recitals of the elements of a cause of action, supported by mereconclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted

inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks

and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally

construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which

requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is

liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The sheer possibility

2

1   that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

2   satisfying the plausibility standard. *Id.*

3   **II.      Plaintiff's allegations.[1]**

4           Plaintiff's complaint outlines a series of events concerning his medical history around August

5   and September 2015. It is difficult to understand the relevance of most of the allegations given the

6   limited basis for his claims, discussed in more detail below. Around August 30, 2015, Plaintiff was seen

7   by an unnamed registered nurse ("RN"), who informed Plaintiff that he had a metallic object in his

8   stomach. The RN insisted that the object was a razor. Later, an unnamed doctor and an unnamed

9   Supervising Nurse saw Plaintiff and confirmed that he had something in his stomach. Though they did

10  not know what it was, they did not think it was a razor.

11          Plaintiff returned to Kern Valley State Prison ("KVSP"), where he was placed on suicide watch

12  by order of an unnamed psychiatrist. "KVSP medical" allegedly "tried to talk to the psychiatrist who

13  refused to listen."

14          On Septmeber 1, 2015, Plaintiff was placed under suicide restraints in a holding cage. The

15  psychiatrist visited with Plaintiff and stated that Plaintiff knew he had staples in his stomach. Plaintiff

16  alleges that while on suicide watch he was denied his "C-pap machine," which helps him breathe at

17  night.

18          Plaintiff claims he was not aware of having staples in his stomach, that no medical professional

19  had informed him of the staples, and that there is no medical documentation of them. He argues this

20  amounts to medical malpractice. Plaintiff further argues the medical care the KVSP psychiatrist

21  provided, specifically, placing Plaintiff on suicide watch and ignoring his serious medical condition and

22  needs, was "grossly incompetent and inadequately excessive."

23  **III.     Plaintiff's complaint fails to state a claim.**

---

[1] The Court assumes as true the following facts, which are drawn from Plaintiff's complaint.

3

As noted, the basis for Plaintiff's claims is not clear. It appears that Plaintiff asserts solely Eighth Amendment medical claims. Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). *Lopez* takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a Court must examine whether the plaintiff's medical needs were serious. *See id.* Second, a Court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." *Id.* at 1132. "The indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The first two of Plaintiff's four-page complaint discusses the unnamed RN's allegedly "unprofessional" interactions with Plaintiff around August 29, 2015. Plaintiff, however, does not appear to allege any claims against the unnamed RN.

The remainder of Plaintiff's complaint discusses his being placed on suicide watch at KVSP and his interactions with various prison staff. Plaintiff seems to allege that the unnamed psychiatrists' conduct was unlawful, though he does not explain why being seemingly disagreeing with their course of treatment. Plaintiff argues the psychiatrists "totally ignor[ed his] serious medial condition and needs," but does not explain how or why they did so. Plaintiff also seems to allege that KVSP medical staff violated his rights by collectively failing to inform him that he has staples in his stomach; however, he also alleges he was so informed in September 2015. Plaintiff does not allege whether he received treatment for the staples or whether any treatment was denied or delayed. Simply put, Plaintiff has not alleged facts showing that any defendant was deliberately indifferent to his serious medical needs.

1    There are other problems with Plaintiff's complaint. The Civil Rights Act under which this

2    action was filed provides:

3        Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of
         the United States ... to the deprivation of any rights, privileges, or immunities secured by the
4        Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other
         proper proceeding for redress.

5
6    42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

7    the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell*

8    *v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The

9    Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

10   within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

11   acts, or omits to perform an act which he is legally required to do that causes the deprivation of which

12   complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

13   Plaintiff has failed to allege adequately a link between each defendant's acts and how that act

14   violated Plaintiff's rights. Plaintiff must sufficiently allege who did what, when, how, and why it was
     unlawful.

15   Finally, Plaintiff has only named as a defendant the Commissioner of the California Department

16   of Corrections and Rehabilitation, but has clearly stated claims against unknown, unnamed defendants.

17   "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*,

18   629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (*i.e.*,

19   unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them

20   as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. Plaintiff

21   is warned that although the use of Doe defendants is acceptable to withstand dismissal of the complaint

22   at the screening stage, those person or persons cannot be served with process in this action until they are

23   identified by their names. The burden is on Plaintiff to discover the identity of these defendants, and

24   amended his complaint to substitute a name for each unnamed defendant.

25

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567.

Accordingly, the Court ORDERS that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed on April 26, 2016, is DISMISSED for failure to state a claim;

3. Within thirty days from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will

dismiss this action with prejudice for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   __July 19, 2016__                    _____/s/ Lawrence J. O'Neill_____
                                            UNITED STATES CHIEF DISTRICT JUDGE

7