UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CREW,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>        Defendant. | 1:16-cv-00590-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF MOTION TO COMPEL DISCOVERY EVIDENCE AS PREMATURE<br><br>(Doc. 20) |

      Plaintiff David Crew ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 22, 2016, Plaintiff filed a motion to compel his health information that supports his allegations. (Doc. 17.) On August 24, 2016, the Magistrate Judge to whom this matter was referred denied that motion, without prejudice, as premature. (Doc. 18.) The Magistrate Judge noted that Plaintiff's complaint, had recently been dismissed for failure to state a claim, with leave to amend, and thus no defendants had been served and discovery had not yet been opened. (Id. at 2.)

      Currently before the Court is Plaintiff's motion entitled, "Motion to Compel Discovery Evidence 'Premature,'" filed September 12, 2016. (Doc. 20.) Plaintiff states that he requests the undersigned to reconsider his motion on the grounds that he has to depend on the prison officials

1

to provide him with information concerning this matter, and thus he relies on them for any information and legal documents or access to legal materials. The Court construes this motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure Rule 60(b)(6).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co.*, Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiff has not presented sufficient grounds for reconsideration of the order denying his motion to compel discovery. As the Magistrate Judge correctly found, this case has not entered the discovery stage. Since that order was issued, Plaintiff has filed a first amended complaint, which will be screened in due course.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to reconsider the order denying his motion to compel discovery, (ECF No. 20), is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2016**        /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE