# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CREW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00590-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO AMEND THE COMPLAINT<br>(ECF No. 27)<br><br>ORDER DENYING EX PARTE MOTION FOR ASSIGNMENT OF COUNSEL<br>(ECF No. 28) |

Plaintiff David Crew ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Patel for deliberate indifference in violation of the Eight Amendment arising from his intentional refusal or delay of Plaintiff's medical care. (ECF No. 24.) The Court ordered the United States Marshal to serve Defendant Patel with the second amended complaint on May 8, 2017. (ECF No. 26.) The Marshals Service has not yet filed a waiver of service or return of service for Defendant Patel, and no responsive pleading has been filed.

Currently before the Court are Plaintiff's May 18, 2017 motion to amend the complaint, (ECF No. 27), and Plaintiff's May 23, 2017 ex parte motion for assignment of counsel. (ECF No. 28.) As no defendant has yet appeared in this action and the Court finds a response unnecessary, the motions are deemed submitted. Local Rule 230(l).

1

## I. Motion to Amend the Complaint

Plaintiff's motion to amend the complaint sets forth events occurring from October 26, 2016 until May 15, 2017, the date he signed his motion. (ECF No. 27.) As the motion alleges facts arising after the filing of the original complaint on April 26, 2016, the Court will construe the motion as a motion to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d).

### a. Legal Standards

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Generally, district courts use the same standard in deciding whether to grant or deny a motion for leave to supplement or whether to grant or deny a motion for leave to amend a complaint or answer. See MJC America, Ltd. v. Gree Electric Appliances, Inc. of Zhuhai, CV 13-04264 SJO (CWx), 2014 WL 12614435, at * 3 (C.D. Cal. Sept. 3, 2014) (citing Womack v. Geo Group, Inc., CV-12-1524-PHX-SRB (LOA), 2013 WL 491979, at *5 (D. Ariz. Feb. 8, 2013)). "Thus, leave to file a supplemental complaint should be freely granted unless there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the supplement would be futile." Womack, 2013 WL 491979, at *5 (citations omitted).

### b. Plaintiff's Proposed Supplemental Complaint Allegations

Plaintiff's proposed supplemental complaint alleges as follows: On October 26, 2016, Plaintiff was diagnosed with a single kidney stone. Plaintiff was not seen or treated until March 2017. At some point, Plaintiff was seen by a urologist, who was referred by Dr. Patel. The urologist stated that the kidney stone was "okay." Plaintiff was hospitalized one month later for vomiting blood and abdominal pain. After observation and a CAT scan at San Joaquin

Community Hospital, Plaintiff was found to have developed multiple kidney stones in both kidneys, which required urgent removal.

On May 3, 2017, Plaintiff underwent a two-hour surgery during which the urologist placed two tubes from Plaintiff's left and right kidneys to his bladder to keep his urinary tract open. The after effects of the procedure were and are severely painful. The urologist recommended that Plaintiff undergo three separate surgeries. The procedure for Plaintiff's right kidney is scheduled for two weeks after May 3, 2017, and shortly after the tubes will be removed.

The urologist recommended that Plaintiff be medically treated and given proper medication for pain. Dr. Patel placed Plaintiff on Tylenol 3. Plaintiff urinates blood and feels as if small razor blades are passing through every time he uses the restroom, and the pain is beyond explanation. On May 8, 2017, Plaintiff was sent to San Joaquin Community Hospital for bleeding and pain. Plaintiff contends that Dr. Patel's prescription for Tylenol 3 after his kidney surgery is only repeating his history of inadequate medical treatment.

    **c. Discussion**

Plaintiff essentially alleges that he continues to receive inadequate medical treatment from Defendant Patel, and does not name additional defendants. Thus, Plaintiff's proposed supplemental pleading complies with Federal Rule of Civil Procedure 18(a), which permits "[a] party asserting a claim" to "join . . . as many claims as it has against an opposing party."

However, the facts as alleged fail to pass the test for futility, which "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted). In analyzing whether a proposed supplemental pleading is futile, the Court must consider whether the proposed supplemental pleading "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Plaintiff attempts to state a claim for deliberate indifference to serious medical needs, which requires Plaintiff to show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett v. Penner,

439 F.3d 1091, 1096 (quotations omitted). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096. Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191–92 (E.D. Cal. 2008).

Plaintiff alleges that he received no treatment for his kidney stones between October 26, 2016 until March 2017, when Dr. Patel referred him to a urologist. However, Plaintiff fails to allege any facts indicating that Dr. Patel knew that Plaintiff had been diagnosed with a kidney stone, or if he did know, that his lack of treatment during this time was deliberately indifferent to Plaintiff's serious medical need.

Plaintiff further alleges that the urologist recommended that he be given "a proper medication for pain," and contends that Dr. Patel's prescribing of Tylenol 3 to address Plaintiff's post-surgery pain was another example of inadequate medical treatment. This too fails to rise to the level of deliberate indifference. Dr. Patel prescribed pain medication in response to Plaintiff's need for pain control following his surgeries. Plaintiff alleges no facts showing Dr. Patel could have or should have done anything further to address Plaintiff's pain than to prescribe Tylenol 3. Plaintiff's mere disagreement with the choice of pain medication is not sufficient meet the high standard necessary for deliberate indifference.

For these reasons, Plaintiff's motion to supplement the complaint in this action (ECF No. 27), is denied.

**II.      Motion for Appointment of Counsel**

Plaintiff argues that the Court should assign counsel because he lacks a meaningful source of income and he cannot employ counsel, the issues in his case will require complex discovery and medical experts in order to prepare for summary judgment, and assignment of counsel will serve the interests of justice and judicial economy. Plaintiff also states that his medical

conditions hinder his mobility and he must rely on help from other prisoners because he lacks full understanding of the law. (ECF No. 28.)

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. As previously indicated, this Court is faced with similar cases involving claims of deliberate indifference to serious medical needs almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated cognizable claims which may proceed in litigation, it has not determined that those claims have a likelihood of being ultimately successful.

///
///
///

**III. Conclusion and Order**

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint, (ECF No. 27), is DENIED; and
2. Plaintiff's second motion for the appointment of counsel, (ECF No. 28), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 1, 2017** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE