# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CREW,<br><br>              Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>              Defendants. | Case No. 1:16-cv-00590-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT<br>(ECF Nos. 30, 39, 45)<br><br>ORDER VACATING JUNE 13, 2017 DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 32)<br><br>ORDER DENYING WITHOUT PREJUDICE PARTIES' DISCOVERY MOTIONS<br>(ECF Nos. 38, 41, 42, 43, 49)<br><br>ORDER GRANTING MOTION FOR CLARIFICATION RE: CONSENT<br>(ECF No. 40)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Background**

Plaintiff David Crew ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Patel for deliberate indifference in violation of the Eighth Amendment arising from his intentional refusal or delay of Plaintiff's medical care related to the removal of staples from Plaintiff's stomach from a prior surgery. (ECF No. 24.)

1

On June 9, 2017, Plaintiff filed a motion to file an emergency amended complaint. (ECF No. 30.) Defendant Patel filed his answer to the second amended complaint on June 12, 2017. (ECF No. 31.) Given that Defendant filed his answer after Plaintiff filed his motion, the Court directed Defendant to file an opposition or statement of non-opposition to the motion within twenty-one days. (ECF No. 34.) Defendant Patel timely filed an opposition on June 15, 2017. (ECF No. 35.)

On June 29, 2017, Plaintiff filed a motion requesting an extension of time to respond to Defendant's Interrogatories together with a motion for a Court order demanding the prison to make legal copies for Plaintiff. (ECF No. 38.) Plaintiff also filed a "Motion to Grant Emergency Amendment Complaint and Motion to Grant Defendant a Trial." (ECF No. 39.) It appears that Plaintiff intended this motion to be filed as a reply in support of his pending motion to file an emergency amended complaint. Plaintiff also asks the Court to grant Defendant's motion to go to trial. The Court notes that no such motion was filed by Defendant. Finally, Plaintiff filed a motion in which he purports to consent to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings, but states that he does not understand the difference in judges and requests that the Court enlighten him as to what this means. (ECF No. 40.)

On July 5, 2017, Plaintiff filed a motion to prevent or limit production of records, pursuant to Federal Rule of Civil Procedure 45(d)(3)(B), together with a motion to subpoena Defendant's misconduct reports and files. (ECF No. 41.)

On August 7, 2017, Defendant filed a motion to compel Plaintiff's responses to Defendant's Special Interrogatories, Set One, and Requests for Production of Documents, Set One. (ECF No. 42.) On August 28, 2017, Plaintiff filed a motion to expel Defendant's motion of production of documents and special interrogatories, which appears to be an opposition to Defendant's motion to compel. (ECF No. 43.)

On September 11, 2017, Defendant Patel filed a motion for summary judgment on the ground that Plaintiff failed to exhaust available administrative remedies.[1] (ECF No. 44.)

---

[1] At this time, the Court expresses no opinion as to the merits of Defendant Patel's pending motion for summary judgment, which will be addressed by separate findings and recommendations.

On September 15, 2017, Plaintiff filed a motion for emergency extension of time and extended amended complaint. (ECF No. 45.) The motion appears to be related to Plaintiff's June 9, 2017 motion to file a third amended complaint.

On February 2, 2018, Plaintiff filed a motion to subpoena his medical file and relevant documents under emergency circumstances, a motion to grant his motion for a deposition, a motion to subpoena Brian Hancock and medical records staff, and a motion for extension of the deadline to complete discovery. (ECF No. 49.) Defendant Patel filed an opposition on February 8, 2018. (ECF No. 50.)

These motions are deemed submitted. Local Rule 230(l). The Court will first address the series of motions relating to Plaintiff's motion to file an amended complaint.

**II.     Motion to File an Emergency Amended Complaint**

Plaintiff's motion to file an emergency amended complaint sets forth events occurring in May and June 2017, and seeks to add RN German as a named defendant and new claims against Dr. Patel. (ECF No. 30.)

Plaintiff states that on May 3, 2017, he was sent to a private urologist in the city of Tehachapi to undergo a procedure for both kidneys which left him in extreme pain. On May 8, 2017, he was hospitalized at San Joaquin Community Hospital due to his continued pain and urinating blood. Plaintiff was informed that the two tubes in both of his kidneys should stop bleeding in a day or so. Plaintiff continued to urinate blood every day since May 3, 2017.

Plaintiff notified RN German and she stated "It's no big deal. It's normal…" Plaintiff told RN German that something was wrong but she did nothing. Plaintiff was informed by RN German that although he was supposed to be seen by the urologist 14 days after May 3, 2017, Defendant Patel had cancelled his appointment. Plaintiff informed staff that Defendant Patel was not allowed to infringe on his medical care due to legal issues. Plaintiff states that he has yet to speak to a doctor about his situation. The doctor (MD Soa) that he spoke to had no knowledge of Plaintiff's surgery or his situation.

On June 2, 2017, Plaintiff was sent to KVSP medical at 1:13 a.m. and was denied care. After several correctional officers witnessed Plaintiff urinate a lot of blood, he was denied

treatment and was told that Defendant Patel said to send Plaintiff back to his cell. Plaintiff expressed to medical that something was wrong. After several hours Plaintiff was transported by Delano EMT to SJC Hospital. At SJCH, Plaintiff was informed by Dr. Kristopher L. Lyon that the tubes-stints inside his kidneys had caused an infection, they should have been removed weeks ago, and they needed to be removed ASAP. Several hours later, Plaintiff was discharged from SJCH with no notification. Plaintiff later found out that Defendant Patel recommended that the prison treat Plaintiff.

Plaintiff alleges that it is the fault of Defendant Patel and RN German that his kidneys are infected and that he must undergo a major surgery. Plaintiff argues that RN German was aware that the stints in his kidneys were causing him severe pain and bleeding. RN German only argued that it was normal. Plaintiff contends that if RN German had looked into the situation and had Plaintiff properly checked, his kidneys would not be infected by the stints left inside his body. (ECF No. 30.)

In his subsequent filings in support of his motion, Plaintiff includes additional allegations regarding events occurring up to August and September 2017. (ECF No. 45.) Plaintiff states that since the filing of his motion, he has undergone 3 surgeries and been seen by 2 separate specialists to determine how Plaintiff has developed additional kidney stones in such a short time, or whether all of his kidney stones were never removed, or the possibility of a bigger kidney issue. Plaintiff also contends that he has been made to endure a pain equivalent to child birth on a daily basis, with only Tylenol to take for pain. (Id.)

Essentially, Plaintiff alleges that he continues to receive inadequate medical treatment from Defendant Patel, as well as RN German, with respect to ongoing issues with kidney stones and subsequent infections.

As Plaintiff was informed in the Court's June 1, 2017 order denying his prior motion to amend the complaint, a motion alleging facts arising after the filing of the original complaint will be construed as a motion to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d).

///

**A.     Legal Standard**

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of So. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). When new parties are added to the pleading, those individuals must be connected to the original claims. See Griffin v. Cty. Sch. Bd. of Prince Edwards Cty., 377 U.S. 218, 226–27 (1964).

Generally, district courts use the same standard in deciding whether to grant or deny a motion for leave to supplement or whether to grant or deny a motion for leave to amend a complaint or answer. See MJC Amer., Ltd. v. Gree Elec. Appliances, Inc. of Zhuhai, CV 13-04264 SJO (CW), 2014 WL 12614435, at * 3 (C.D. Cal. Sept. 3, 2014) (citing Womack v. Geo Grp., Inc., CV-12-1524-PHX-SRB (LOA), 2013 WL 491979, at *5 (D. Ariz. Feb. 8, 2013)). "Thus, leave to file a supplemental complaint should be freely granted unless there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the supplement would be futile." Womack, 2013 WL 491979, at *5 (citations omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." Desertrain v. City of L.A., 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

**B.     Discussion**

**1.     Futility Due to Failure to Exhaust**

Defendant does not argue that Plaintiff's supplemental claims against Defendant Patel or against RN German are futile. Rather, Defendant argues that the events alleged occurred within the month immediately prior to the filing of Plaintiff's motion, and relate to a different serious

5

medical need than that alleged in the second amended complaint.  Therefore, allowing Plaintiff to add these new claims is futile because the claims are not exhausted.  For the following reasons, the undersigned is not persuaded by this argument.

In the Ninth Circuit, dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment under Federal Rule of Civil Procedure 56.  <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc).  The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint."  <u>Id.</u> at 1166 (authorizing defendant to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6))).  Based on this law, the issue of exhaustion of administrative remedies is not appropriately raised, or considered by the Court, in an opposition to a motion to supplement.  For these reasons, the undersigned does not consider whether Plaintiff's proposed amendments are futile based on his alleged failure to exhaust administrative remedies as to the supplemental claims against Defendant Patel and RN German.

Moreover, it is not clear that Plaintiff has failed to exhaust his administrative remedies with respect to these claims.  In his motion to amend, Plaintiff states only that he seeks to amend his complaint to include RN German "due to emergency medical reasons" and because "complaints has [sic] a tendency to go missing."  (ECF No. 30, p. 4.)  Plaintiff further argues that the supplemental claims should be considered exhausted by the filing of his grievances related to his original claim.

**2.     Remaining Factors**

As Plaintiff filed his motion to amend immediately following the proposed supplemental claims, the Court finds that there is no undue delay on the part of Plaintiff in raising these claims.  The Court further finds no bad faith in Plaintiff's filing of his motion to amend.

In the opposition, Defendant Patel makes no argument that he will be prejudiced by the proposed amendment.  However, the undersigned acknowledges that due solely to the Court's delay in ruling on Plaintiff's motion, allowing Plaintiff to file a third amended complaint at this juncture would cause prejudice to Defendant.  Defendant Patel has already filed an answer to the second amended complaint, a scheduling order has been issued, and there is a pending motion for

summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies with respect to the original claims alleged against Defendant Patel in the second amended complaint.

Nevertheless, any prejudice will be mitigated by modification of the Court's scheduling order and the efficiencies of addressing all of Plaintiff's claims against Defendant Patel in one action.

### C. Further Leave to Amend

In his motion to amend, Plaintiff states a colorable claim for deliberate indifference to serious medical needs, which requires Plaintiff to show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (quotations omitted).

Plaintiff alleges that Defendant Patel and RN German did not allow him to see the urologist following his May 3, 2017 procedure, which caused the stints in his kidneys to become infected. In addition, Plaintiff alleges that Defendant Patel ordered his discharge from SJCH on June 2, 2017, recommending that Plaintiff be treated at the prison rather than at the hospital. Plaintiff further argues that these failures resulted in a ripple effect, requiring him to undergo 3 surgeries and to see 2 separate specialists to determine the cause of Plaintiff's additional kidney stones. The Court finds that, based on these allegations, it would not be futile to allow Plaintiff to amend his complaint to add these claims.

Although these events do not arise out of the same transaction as the original claims in this action, pursuant to Federal Rule of Civil Procedure 18(a), Plaintiff is permitted to "join . . . as many claims as [he] has against an opposing party." Thus, Plaintiff is permitted to join his supplemental claims against Defendant Patel in this action.

With respect to raising claims against new defendants, Plaintiff is permitted to join RN German as a defendant in this action because he is asserting a right to relief against her "arising out of the same transaction, occurrence, or series of transactions or occurrences" as against Defendant Patel, specifically with respect to the events following his May 3, 2017 procedure. Fed. R. Civ. P. 20(a)(2).

After weighing the appropriate factors, the Court finds that Plaintiff should be granted leave to amend his complaint. Plaintiff is permitted to join as many claims as he has against Defendant Patel in one action, and Plaintiff is permitted to join as defendants other persons involved in the same transaction or series of transactions.

Despite filing multiple motions in support of his original motion to amend, the Court notes that Plaintiff has not yet filed a proposed third amended complaint setting forth the original claims against Defendant Patel as well as the additional claims against Defendant Patel and RN German. Thus, if Plaintiff wishes to pursue both the original claims in this action and the additional claims he raises against Defendant Patel and RN German, he must file a proper third amended complaint.

**III.    Discovery Motions**

As Plaintiff will be permitted to file a third amended complaint, the Court will vacate the current deadlines set by the June 13, 2017 discovery and scheduling order, and therefore declines at this time to address the substance of all of the discovery disputes raised by the parties. In the event that new claims or defendants are added to this action, the Court will issue an amended discovery and scheduling order to permit discovery as to any new claims, or to permit additional defendants to conduct discovery. Any remaining discovery disputes may be raised at that time.

To the extent Plaintiff requests that the Court order prison staff to provide him with legal copies for production in discovery, the Court lacks the authority to require a third party to provide copies to Plaintiff. Further, Plaintiff has access to his medical records and prison files from which to obtain his own copies. With respect to Plaintiff's concerns regarding Defendant's requests for the same documents multiple times, Plaintiff is informed that he is not required to provide multiple copies of the same documents. Plaintiff may refer Defendant to a single copy of the same document if it is responsive to multiple requests.

With respect to Plaintiff's motion to prevent or limit production of records, pursuant to Federal Rule of Civil Procedure 45(d)(3)(B), (ECF No. 41), it appears that Plaintiff intended to file a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Plaintiff essentially seeks to limit discovery to his medical records from December 14, 2011 to the present,

rather than from January 1, 2011 to the present.  (ECF No. 41.)  As it appears based on later filings by the parties that Plaintiff has provided at least some documents to Defendant Patel, this motion will be dismissed without prejudice to refiling, should any dispute remain.

As to the portion of Plaintiff's motion which seeks to subpoena Defendant's misconduct reports, Plaintiff is advised that a subpoena is not the appropriate vehicle for obtaining discovery from a named defendant.  When discovery is reopened in this action, Plaintiff may refer to the Court's amended discovery and scheduling order for the appropriate procedures for serving discovery requests directly on Defendant Patel.  Once served, that request will be subject to all applicable local and federal rules regarding discovery.

The parties' remaining motions related to the production of documents, and responses to discovery requests, are denied without prejudice.

**IV.     Motion for Clarification Regarding Consent**

Plaintiff's motion for clarification regarding his consent to have a United States Magistrate Judge conduct all further proceedings is granted as follows:

Magistrate Judges, as distinguished from Article III or United States District Judges, may perform the duties assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  If all parties do not consent, a Magistrate Judge shall continue to perform all duties as required by Local Rule 302, but may not preside over trial in this case or make dispositive rulings.  If all parties do consent, a Magistrate Judge may conduct all proceedings and enter judgment in the case subject to direct appellate review by the Ninth Circuit Court of Appeals.

On June 30, 2016, Plaintiff declined to proceed before a United States Magistrate Judge.  (ECF No. 12.)  On June 16, 2017, Defendant Patel also declined to proceed before a United States Magistrate Judge.  (ECF No. 37.)  As such, this action was randomly assigned to Chief Judge Lawrence J. O'Neill.  Until such time as the parties all have consented to the jurisdiction of a Magistrate Judge, the undersigned will continue to perform all duties as required by Local Rule 302.

In light of Plaintiff's request for clarification of the Court's consent order, at this time the Court does not consider Plaintiff's filing as a voluntary consent to have a Magistrate Judge

conduct all proceedings in this case. Plaintiff is free to consent at a future date, but is advised that he is free to withhold consent without adverse substantive consequences.

**V.      Conclusion and Order**

For the reasons stated, Plaintiff will be permitted to file a third amended complaint that contains his pending claim against Defendant Patel as well as any proposed claims against Defendants Patel and RN German. Such proposed claims are limited to claims arising from the allegations set forth in Plaintiff's motions to amend, as set forth herein.

Plaintiff is reminded that an amended complaint supersedes the original complaint and it must be complete in and of itself . Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is not permitted to add claims not expressly authorized in this order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for leave to amend (ECF Nos. 30, 39, 45) are GRANTED;
    a. Plaintiff is granted **thirty (30) days** in which to file a third amended complaint, as discussed herein;
    b. The Clerk's Office shall send Plaintiff a complaint form; and
    c. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will proceed only on Plaintiff's claim against Defendant Patel as pled in the second amended complaint filed on November 9, 2016;</u>
2. The discovery and scheduling order of June 13, 2017, (ECF No. 32), is VACATED;
3. Plaintiff's motion for extension of time to respond to Defendant's Interrogatories and motion for legal copies, (ECF No. 38), is DENIED without prejudice;
4. Plaintiff's motion for clarification re: consent, (ECF No. 40), is GRANTED, as discussed herein;
5. Plaintiff's motion to prevent or limit production of records, and motion to subpoena Defendant misconduct reports and files, (ECF No. 41), is DENIED without prejudice;
6. Defendant's motion to compel Plaintiff's responses to Defendant's Special

Interrogatories, Set One, and Requests for Production of Documents, Set One, (ECF No. 42), is DENIED without prejudice;

7. Plaintiff's motion to expel Defendant's motion of production of documents, (ECF No. 43), is DENIED without prejudice; and

8. Plaintiff's motion to subpoena medical file and relevant documents under emergency circumstances, motion to grant motion for deposition, motion to subpoena Brian Hancock and medical records staff, and motion for extension of time for discovery, (ECF No. 49), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **March 28, 2018**       /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE