UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CREW,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | Case No. 1:16-cv-00590-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENIAL OF PLAINTIFF'S RELATED MOTIONS IN OPPOSITION<br><br>(ECF Nos. 44, 47)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff David Crew ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Patel for deliberate indifference in violation of the Eighth Amendment arising from his intentional refusal or delay of Plaintiff's medical care related to the removal of staples from Plaintiff's stomach from a prior surgery. (ECF No. 24.)

From June 2017 through February 2018, Plaintiff filed a motion to file an emergency amended complaint, as well as a series of motions in support. (ECF Nos. 30, 39, 45.) In addition, the parties filed various motions relating to discovery disputes and other matters. (ECF Nos. 38, 40, 41, 42, 43, 49, 50.)

1

On September 11, 2017, Defendant Patel filed a motion for summary judgment on the ground that Plaintiff failed to exhaust available administrative remedies. (ECF No. 44.)

On September 29, 2017, Plaintiff filed a motion to file a factual dispute of Defendant's summary judgment motion, a motion to file a criminal complaint, a motion for emergency trial by jury, and a motion to dismiss the summary judgment motion to exhaust. (ECF No. 47.) It appeared that Plaintiff intended this motion to be an opposition to Defendant's motion for summary judgment. Defendant Patel filed a response on October 27, 2017. (ECF No. 48.)

On March 29, 2018 the Court issued an order granting Plaintiff's motions regarding the filing of a third amended complaint, and denying, without prejudice to re-filing, the other pending motions related to discovery. (ECF No. 52.) The Court also vacated the discovery and scheduling order issued on June 13, 2017.

Remaining before the Court are Defendant's motion for summary judgment and Plaintiff's related motions filed in opposition. These motions are deemed submitted.

**II.     Discussion**

Pursuant to the Court's March 29, 2018 order, Plaintiff's third amended complaint is currently due on or before April 1, 2018. (ECF No. 52.) Based on the unsettled nature of the operative complaint and the absence of a scheduling order, the Court finds it appropriate to recommend denial of Defendant's motion for summary judgment, without prejudice to re-filing. In the event that new claims or defendants are added to this action and the Court issues an amended discovery and scheduling order, the Court will reset the applicable deadlines for discovery and the filing of any dispositive motions. As such, Defendant will be permitted to re-file a motion for summary judgment on the ground of failure to exhaust available administrative remedies which addresses all claims and defendants that have been allowed to proceed in this action.

With respect to Plaintiff's motion to file a factual dispute of Defendant's summary judgment, and related motions, Plaintiff is advised that this filing does not comply with Federal Rule of Civil Procedure 56(c) or Local Rule 260(b). In the event that Defendant files a renewed motion for summary judgment, Plaintiff is warned that any opposition must comply with Federal

Rule of Civil Procedure 56(c) and Local Rule 260(b).

To the extent Plaintiff seeks to bring a criminal complaint in regards to any actions or inactions by Defendant, Plaintiff is advised that the Court cannot compel any local prosecutor to instigate a criminal prosecution of this matter. See, e.g., Bettencourt v. Parker, No. 1:16-cv-00150-DAD-BAM (PC), 2016 WL 4137242, at *2 (E.D. Cal. Aug. 4, 2016); Badwi v. Hedgpeth, No. C 08-02221 SBA PR, 2011 WL 89729, at *1 (N.D. Cal. Jan. 11, 2011).

As to Plaintiff's request to set this matter for trial, as the Court has granted Plaintiff's motion to amend the complaint, this request is premature. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's amended complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). Once Plaintiff has filed a third amended complaint, it will be screened in due course.

### III. Conclusion and Recommendations

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Defendant's motion for summary judgment, (ECF No. 44), be DENIED, without prejudice to re-filing; and
2. Plaintiff's motion to file factual dispute of summary judgment, motion to file criminal complaint, motion for emergency trial by jury, motion to dismiss summary judgment, and motion to exhaust, (ECF No. 47), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's

factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 3, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE